IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY POLK, #46640-004,     *

        Petitioner,
    v.     *     CIVIL ACTION NO. RWT-14-505

TIMOTHY STEWART,     *

        Respondent.
                                            *****

## **MEMORANDUM OPINION**

According to the federal PACER court docket, on June 22, 1995, criminal judgment was entered in the United State District Court for the Southern District of Florida, sentencing Anthony Polk ("Polk") to a total term of 684 months arising out of his convictions for conspiracy to possess with intent to distribute cocaine, use of a firearm in commission of a felony, possession of a firearm by a convicted felon, and possession of unregistered firearms, in violation of 21 U.S.C. § 841, 18 U.S.C. §§ 924 & 922, and 26 U.S.C. § 5861. *See United States v. Henry, et al.*, Criminal No. DTKH-93-0123 (S.D. Fl.). The United States Court of Appeals for the Eleventh Circuit affirmed the judgment on September 2, 1999. Polk acknowledges that on September 18, 2000, he filed a 28 U.S.C. § 2255 Motion which was denied on April 2, 2002, by Judge Daniel T.K. Hurley.

On February 20, 2014, Polk, who is now confined at the Federal Correctional Institution in Cumberland, Maryland, filed a 28 U.S.C. § 2241 Petition for habeas corpus relief pursuant to the "savings clause" of 28 U.S.C. §2255(e).[1] It was instituted as the instant case. Polk's Motion for Leave to Proceed In Forma Pauperis and the Petition shall be dismissed without prejudice.

---

[1] 28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Polk is, for all intents and purposes, attacking his 1995 convictions. Such a challenge is routinely brought pursuant to § 2255. As noted, Polk filed a previous § 2255 motion which was heard at an evidentiary hearing before Magistrate Judge Charlene Sorrentino and dismissed on the merits by the District Court in Southern Florida. *See Polk v. United States*, Civil Action No. DTKH-00-3486 (S.D. Fla. 2002). The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Polk has provided no evidence that he has secured this necessary authorization from the Eleventh Circuit; therefore this Court is without jurisdiction to consider the merits of a successive motion under § 2255. *See In re Vial,* 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements. *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A). The Eleventh Circuit must first enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996).

Nor may Polk rely on the savings clause provision of § 2255(e). Merely because a petitioner has been denied § 2255 relief does not render the § 2255 remedy inadequate so as to enable him to attack his conviction in a petition for habeas corpus relief. Section 2255 will not be viewed as

inadequate or ineffective merely because a § 2255 petition has already been denied, or because a "petitioner has been denied permission to file a second or successive § 2255 motion," or because a "second or successive § 2255 motion has been dismissed." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). Indeed, it appears that the Fourth Circuit has not recognized an entitlement to habeas corpus relief when an inmate challenges his sentence contending that the remedy under § 2255 is inadequate or ineffective. *See United States v. Poole,* 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the [§ 2255(e)] savings clause to those petitioners challenging only their sentence."); *In re Jones,* 226 F.3d 228, 333–34 (4th Cir. 2000) (outlining the circumstances in which "§ 2255 is inadequate and ineffective to test the legality of a *conviction*") (emphasis added)). "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." *Boynes v. Berkebile,* 2012 WL 1569563 at *6 (S.D.W. Va.). The fact that relief under § 2255 is barred procedurally or under the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. *In re Jones,* 226 F.3d at 332; *see also In Re Vial,* 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (that a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy). Otherwise, the rule prohibiting second and successive § 2255 motion, 28 U.S.C. § 2255(h), would be rendered meaningless. A separate order follows dismissing this Petition and closing the case. The Court declines to issue a certificate of appealability.

<u>Date</u>: February 27, 2014                                                    /s/
                                                                       ROGER W. TITUS
                                                                UNITED STATES DISTRICT JUDGE